UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH MAYNOR,

Plaintiff,

v.

UNIVERSITY OF WASHINGTON MEDICAL CENTER and LOGAN MCCLEEREY,

Defendants.

CASE NO. 2:24-cv-02062-TL

MINUTE ORDER

The following Minute Order is made at the direction of the Court, the Honorable Tana Lin, United States District Judge:

(1) The Court acknowledges its delay in adjudicating the pending motions in this case, particularly Defendant McCleerey's motion to dismiss, which has been fully briefed for over nine months. The inundation of immigration habeas petitions in this District since late 2025 has created significant delays in adjudicating most civil motions.[1] The primacy of the habeas docket, combined with the exigencies

[1] Between January 1 and August 20 of 2026, the Western District of Washington received more than 1,000 petitions for writs of habeas corpus by noncitizens in immigration detention, compared to 45 during the same period in 2024. A petition for writ of habeas corpus is uniquely urgent, as it is "entitled by statute to special, preferential consideration to insure expeditious hearing and determination." *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737–38

of the Court's trial calendar last fall, has resulted in the Court being unable to address most civil motions on its customary timeframe. The Court greatly regrets these delays and thanks the Parties for their continued patience.

(2) In light of the upcoming trial and pretrial deadlines, the Court FINDS good cause to consider Defendant University of Washington Medical Center's Motion to Vacate and Amend the Scheduling Order (Dkt. No. 54) without awaiting further briefing.

(3) Currently Pending in this case are a motion to dismiss (Dkt. No. 27), a motion for summary judgment (Dkt. No. 36), and a motion to amend the complaint (Dkt. No. 49). Any one of these motions, if successful, could substantially alter the parameters of the issues presented at trial. Taken together, the two dispositive motions leave open the question of whether trial in this matter will even occur. While acknowledging Plaintiff's opposition (*see* Dkt. No. 54 at 5), the Court finds that it is not any party's interest to spend its resources preparing for trial while these motions remain unresolved.

(4) Accordingly, Defendant University of Washington Medical Center's Motion to Vacate and Amend the Scheduling Order (Dkt. No. 54) is GRANTED. The Court hereby VACATES the trial date and all other dates and deadlines in the scheduling order (Dkt. No. 26) that have not yet passed. A new trial date will be set, if appropriate, and case schedule issued after the pending motions are resolved.

(5) The Court DIRECTS the Clerk to strike all future dates in the scheduling order (Dkt. No. 26), including the current trial date.

Dated this 27th day of August, 2026.

Joshua C. Lewis
Clerk of the Court

s/ Kadya Peter
Deputy Clerk

(9th Cir. 1954). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from [her] within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (quoting *Ruby v. United States*, 341 F.2d 585, 587 (9th Cir. 1965)). In the same period, civil case filings increased by 15 percent.